IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF/RESPONDENT

Civil No. 05-5135
Criminal No. 03-50049-001

DONACIANO RODRIGUEZ-MERCADO              DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Donaciano Rodriguez-Mercado, a federal prisoner, brings this pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. I have not authorized service on the United States.

On February 4, 2004, pursuant to a plea agreement, Mercado pled guilty to illegally reentering the United States after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). A copy of the presentence investigation report (PSR) and Mercado's objections are being provided, under seal, to the parties and the district court, along with this report.

Under the guideline provisions set out in the PSR, Mercado received a base offense level of 8 under U.S.S.G. § 2L1.2 for the crime of unlawfully entering or remaining in the United States which was then enhanced by 16 levels under 2 L1.2(b)(1)(A) because Mercado was previously deported after a felony drug offense for which the sentence imposed exceeded 13 months. Mercado received a three point adjustment for acceptance of responsibility resulting in a total offense level of 21. Regarding criminal history, Mercado received three points, placing him in criminal history

category II. He had one criminal conviction in 1991 for possession with intent to distribute a controlled substance for which he received 21 months in prison.

In his objections to the PSR, Mercado objected to the 16-level enhancement, stating the increase was too high in light of the fact he served the sentence and did not feel it should be used to enhance his sentence. The district court rejected the objection. Based on a total offense level of 21 and a criminal history category of II, the guideline range was 41 to 51 months imprisonment. He was sentenced to 41 months imprisonment and three years supervised release.

On appeal, Mercado contended that his sentence violated *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (Jan 12 , 2005), because the sentencing judge made findings regarding the existence and nature of his prior conviction, thereby enhancing his sentence on facts not found by a jury. The Eighth Circuit affirmed in *United States v. Rodriguez-Mercado*, 134 Fed.Appx. 110 (8th Cir. 2005) (attached as "A"). The Eighth Circuit disagreed with Mercado's contention, pointing out that *Booker* does not require a jury to find the fact of a prior conviction. The court cited *United States of Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005), in which the Eighth Circuit rejected an argument that the nature of a prior conviction is to be treated differently than the fact of the prior conviction.

In the instant motion, Mercado makes the same *Booker* argument as he did on direct appeal, contending that he did not agree to the facts used to enhance his base offense level by 16 levels. However, this matter was resolved on direct appeal and may not be relitigated in this § 2255 motion.

*United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam). Accordingly, I recommend that the instant motion be denied and dismissed.[1]

**The movant has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Movant is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 22nd day of August 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

[1]. The court can deny relief without a hearing where the matters on file conclusively show the movant is not entitled to relief. *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992).