IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                            Case No. 03-50049-001

DONACIANO RODRIGUEZ-MERCADO                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Donaciano Rodriguez-Mercado, a federal inmate, brings this pro se motion for sentence adjustment (Doc. 36). I have not directed authorized service on the United States.

DISCUSSION

Rodriguez pled guilty in this court to illegal reentry of a felon in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 41 months in prison, 3 years supervised release, $500 fine and $100 special assessment. The judgment of May 12, 2004, states that it is anticipated the defendant will be deported.

Rodriguez appealed his sentence, arguing that the district court violated the Sixth Amendment per *United States v. Booker* when it made findings regarding the existence and nature of his prior conviction, thereby enhancing his sentence. The Eighth Circuit rejected the argument, stating that *Booker* does not require a jury to find the fact of a prior conviction. Rodriguez also raised issues that the district court did not afford Rodriguez an opportunity to dismiss appointed counsel and retain new counsel and that the court failed to properly conduct the plea and sentencing hearings. The appellate court held that transcripts of court proceedings showed that the district court gave Rodriguez the opportunity to hire new counsel and that any omissions in the plea colloquy did

not affect Rodriguez's substantial rights. *United States v. Rodriguez-Mercado*, 134 Fed. Appx. 110 (8th Cir. 2005). A certified copy of the Eighth Circuit's judgment was filed in this court on July 22, 2005.

On July 27, 2005, Rodriguez filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, raising the same *Booker* argument that was unsuccessful on direct appeal. On August 23, 2005, the undersigned filed a report and recommendation stating that the motion should be denied and dismissed. (Doc. 35-1). Rodriguez filed no objections.

In the instant motion, filed on October 19, 2005, Rodriguez seeks a sentence adjustment, contending that his deportable alien status makes him ineligible to receive the "rewards" offered to legal United States prisoners who successfully complete the residential drug abuse program and, in addition, he cannot receive a timely half-way house release. Rodriguez argues that he will be serving a longer period of imprisonment under more severe conditions than would apply to a U.S. citizen convicted of the same offense.

Rodriguez cites no rule or statute which would allow the sentence modification he seeks. 18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once imposed except (1) on motion of the Director of the Bureau of Prisons based on certain specified factors, (2) to the extent allowed by Rule 35 of the Federal Rules of Criminal Procedure, or (3) where a sentencing guideline range is subsequently lowered.

Here, the motion is not by the BOP. Also, Rule 35, which covers arithmetic or technical errors and motions by the government to reduce sentences for substantial assistance, does not apply. Further, no new guideline range is in issue. What is actually presented here is a second/successive motion under § 2255 asserting a claim that Rodriguez was entitled to a sentence reduction based on

his deportable alien status, a matter not raised by his attorney. *See United States v. Sera*, 267 F.3d 872 (8th Cir. 2001) (citing *United States v. Caradosa-Rodriguez*, 241 F.3d 613, 614 n. 2(8th Cir. 2001) (§ 2255 claim that counsel was ineffective for failure to request downward departure based on deportable alien status of defendant convicted of illegal reentry was unavailing).

Because Rodriguez has presented a second/successive § 2255 motion, he may not proceed in this court until he obtains authorization to proceed from the Eighth Circuit Court of Appeals. "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See* § 2255.

I recommend that the instant motion be dismissed. **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 16th day of November 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE